**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **TIFFANY ZELLNER a/k/a TIFFANY ZELLER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TIDEWATER FINANCE COMPANY, DBA TIDEWATER CREDIT SERVICES, ASSIGNEE OF HHGREGG; CHARLES T. DAY III; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC,**<br><br>**Defendants.** | **CIVIL ACTION NO.**<br>____________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRANSGRESSIONS OF THE FDCPA, FCRA, AND GFBPA, AND FOR TORTIOUS DEBT COLLECTION PRACTICES**

COMES NOW, **TIFFANY ZELLNER**, Plaintiff in the above-styled matter, and through counsel files this, her COMPLAINT against Defendants **TIDEWATER FINANCE COMPANY, DBA TIDEWATER CREDIT SERVICES, ASSIGNEE OF HHGREGG; CHARLES T. DAY III; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.**; and **TRANS UNION, LLC**, and shows this honorable Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Tiffany Zellner, Plaintiff in the above-styled matter ("Plaintiff"), is a resident of Henry County, Georgia and may be served through counsel.

2. Defendant, Charles T. Day, III, is an attorney at law and may be personally served at his law office located at 1790 Atkinson Road, Suite F, Lawrenceville, GA 30043.

3. Defendant, Tidewater Finance Company, is a company with its principal office located at 6520 Indian River Road, Virginia Beach, VA 23464 and may be served through its registered agent CT Corporation System, located at 1201 Peachtree Street NE, Atlanta, GA 30361.

4. Equifax Information Services, LLC ("Equifax") is a company with its principal office located at 1550 Peachtree Street NW, Atlanta GA 30309 and may be served through its registered agent, Shawn Baldwin, at the same address.

5. Defendant, Experian Information Solutions, Inc., ("Experian") is a company with its principal office located at 475 Anton Boulevard, Costa Mesa, CA 92626 and may be served through its registered agent CT Corporation System, located at 1201 Peachtree Street NE, Atlanta, GA 30361.

6. Defendant, Trans Union, LLC, ("TransUnion) is a company with its principal office located at 55 West Adams Street, Chicago, IL 60661 and may be served through its registered agent Prentice-Hall Corporation System, located at 40 Technology Parkway South, #300, Norcross, GA 30092.

7. The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692(d), FCRA, 15 U.S.C. § 1681(p), and the doctrine of pendent jurisdiction.

8. Venue lies in the Northern District of Georgia as Plaintiff's claims arose from acts of Defendants perpetrated therein, as permitted under 15 U.S.C. § 1391(b)(2).

## **FACTS RELEVANT TO ALL COUNTS**

9. In approximately late April 2014 or early May of 2014, Plaintiff frequently visited Home Depot to make purchases for her new home.

10. During this time period, Home Depot experienced a security breach where customer information was leaked, including the name and credit card information of Home Depot customers.

11. After stealing Plaintiff's identity, an unknown individual began opening unauthorized credit accounts, including accounts with HH Gregg, in Plaintiff's name without her knowledge and without her consent.

12. Plaintiff received individual account fraud investigation forms from Defendants Equifax, Experian, and TransUnion as well as HH Gregg and other companies, which she filled out and returned in order to dispute the validity of the debt and have the accounts removed from her credit report.

13. The invalid and unauthorized accounts were removed from her credit report.

14. HH Gregg then assigned the invalid debt that had previously been removed from Plaintiff's credit report to Defendant Tidewater Finance Company, who reported the invalid debt to the credit reporting agencies.

15. Defendants Equifax, Experian, and Transunion reinserted the invalid debt onto Plaintiff's credit report without providing any notice to Plaintiff and without conducting any investigation regarding the reinsertion of previously deleted material.

16. Plaintiff contested and disputed the Account information with Trans Union, Experian and Equifax several times.

17. These disputes were communicated to Tidewater to investigate on several occasions.

18. No Defendant performed an adequate investigation of Plaintiff's dispute following any dispute made by Plaintiff.

19. Tidewater re-verified false reporting to Trans Union, Experian and Equifax each time it received a dispute.

20. Plaintiff disputed these accounts, both with the debt holders and the credit reporting agencies.

21. On or about October 28, 2014, Plaintiff disputed the debt reported by Defendant Tidewater Finance Company by sending dispute letters to Defendants Equifax, Experian, and TransUnion.

22. In December of 2014, Defendant Tidewater Finance Company sent Plaintiff a letter demanding that she provide additional information regarding the debt or else Defendant Tidewater would assume she was not being truthful.

23. Plaintiff did not submit a response to this request from Defendant Tidewater as she had already disputed the debt and provided documentation to HH Gregg and countless other debt holders and the debt had been previously removed from her credit report.

24. Defendant Tidewater continued to report the invalid debt to credit reporting agencies and the credit reporting agencies failed to commence any investigation into a reported debt that had been previously removed from Plaintiff's credit report.

25. In June of 2015, Defendant Tidewater filed suit against Plaintiff in the Superior Court of Henry County in order to collect a debt that Defendant did not owe.

26. On September 17, 2015, Plaintiff sent dispute letters to Defendants Experian and Transunion regarding the Tidewater debt but the debt was not removed from her credit report.

## Damages

27. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

28. Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

29. Plaintiff suffered a concrete injury to her reputation as a result of Defendants' communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiff.

30. Plaintiff suffered a concrete injury in being forced to retain a credit monitoring and repair service in order to correct her credit score that was damaged as a result of Defendants' actions.

31. Plaintiff suffered a concrete injury in being forced to spend other incidental costs to attempt payments of the alleged delinquency, and defend against Defendants' unlawful action in Henry County Superior Court.

32. Plaintiff suffered a concrete injury in the emotional suffering, feelings of unfairness, sleepless nights, and worry over the treatment she received at the hands of Defendants.

33. Plaintiff was unable to qualify to refinance her home, despite the availability of an offer to do so through her mortgage company.

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANTS TIDEWATER AND CHARLES DAY("FDCPA"), 15 U.S.C. § 1692, *et seq*.

34. Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Defendant Tidewater and Defendant Charles Day are each a "debt collector" under 15 U.S.C. § 1692a.

36. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a.

37. Defendants have violated the FDCPA by making false or misleading representations to Plaintiff within the meaning of 15 U.S.C. § 1692e.

38. Defendants have misrepresented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2).

39. Defendants have communicated false credit information in violation of 15 U.S.C. § 1692e(8).

40. Defendants have violated the FDCPA by the use of unfair practices within the meaning of 15 U.S.C. § 1692f.

41. Defendants continued to attempt to collect a debt and an amount of debt not authorized by any agreement creating debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

42. On information and belief, Defendants have violated the FDCPA by means of harassment and abuse within the meaning of 15 U.S.C. § 1692d.

43. Defendants have acted intentionally in representing that Plaintiff owes money, which Plaintiff Tiffany Zellner does not owe.

44. Plaintiff has suffered damages because of Defendants' continuous violations of the FDCPA and Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k in an amount to be proven at trial.

45. Plaintiff is entitled to statutory penalties in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k.

46. Plaintiff is entitled to the recovery of reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

**COUNT II. VIOLATIONS OF THE FCRA ("FCRA"), 15 U.S.C. § 1681 *et seq.* BY DEFENDANT TIDEWATER FINANCE COPMANY**

47. Plaintiff re-alleges and incorporates paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Defendant Tidewater reported derogatory information about Plaintiff to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.

49. Plaintiff has disputed the accuracy of the derogatory information reported by Defendant Tidewater to the Consumer Reporting Agencies (Defendants Equifax, Experian, and TransUnion) on multiple occasions.

50. The Credit Reporting Agencies notified Defendant Tidewater of these disputes.

51. Defendant Tidewater has failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30 day period as required by 15 U.S.C. § 1681s-2.

52. Defendant Tidewater has not notified Plaintiff of any determination that Plaintiff's dispute is frivolous within the 5 days required by 15 U.S.C. § 1681s-2, nor at any other time.

53. After being informed by the credit reporting agencies that Plaintiff disputed the accuracy of the information it was providing, Tidewater negligently failed to conduct a proper investigation of Plaintiff's dispute

pertaining to the Account filed with the three national consumer reporting agencies, as required by 15 U.S.C. § 1681s-2(b)(A).

54. Tidewater negligently failed to review all relevant information purportedly provided by such credit reporting agencies to Tidewater in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

55. Tidewater negligently failed to direct such consumer reporting agencies to delete inaccurate information about Plaintiff pertaining to the Account, as required by 15 U.S.C. § 1681s-2(b)(C).

56. After being informed by the credit reporting agencies that Plaintiff disputed the accuracy of the information it was providing, Tidewater willfully failed to conduct a proper investigation of Plaintiff's dispute, filed with three national consumer reporting agencies, that she was not liable for the Account appearing on her credit reports, as required by 15 U.S.C. § 1681s-2(b)(A).

57. Tidewater willfully failed to review all relevant information purportedly provided by such credit reporting agencies to Tidewater in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

58. Tidewater willfully failed to direct such consumer reporting agencies to delete inaccurate information about Plaintiff pertaining to the Account as required by 15 U.S.C. § 1681s-2(b)(C).

59. Plaintiff has a private right of action to assert claims against Tidewater arising under 15 U.S.C. § 1681s-2(b).

60. Tidewater is liable to Plaintiff for the actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with her reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1681o.

## COUNT IV. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANTS EQUIFAX, EXPERIAN, AND TRANSUNION ("FCRA"), 15 U.S.C. § 1681, *et seq.*

61. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 60 of this Complaint as if specifically set forth herein.

62. Plaintiff has disputed the accuracy of the derogatory information reported by Defendant Tidewater to Defendants Equifax, Experian, and TransUnion on multiple occasions.

63. Under the FCRA, 15 U.S.C. § 1681i, Defendants Equifax, Experian, and TransUnion were required to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file … before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

64. Defendants Equifax, Experian, and TransUnion failed to conduct an investigation of Plaintiff's written dispute as required by 15 U.S.C. § 1681i.

65. Under 15 U.S.C. § 1681i, within 5 days of receiving a dispute by a consumer, Defendants Equifax, Experian, and TransUnion are required to send notice of the dispute to the furnisher of the information in dispute.

66. Defendants Equifax, Experian, and TransUnion failed to send notice to Defendant Tidewater as required by 15 U.S.C. § 1681i.

67. Plaintiff has disputed the accuracy of the derogatory information reported by Defendant Tidewater to Equifax, Experian, and TransUnion on multiple occasions.

68. Under the FCRA, 15 U.S.C. § 1681i, Equifax, Experian, and TransUnion were required to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file … before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

69. Equifax, Experian, and TransUnion failed to conduct an investigation of Plaintiff's written dispute as required by 15 U.S.C. § 1681i.

70. Equifax, Experian, and TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

71. Such reports contained information about the Account that was false, misleading and inaccurate.

72. Equifax, Experian, and TransUnion negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

73. Equifax, Experian, and TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

74. Such reports contained information about the account that was false, misleading and inaccurate.

75. Equifax, Experian, and TransUnion willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

76. Equifax, Experian, and TransUnion negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in Plaintiff's consumer reports as contained in its files pertaining to Plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

77. Equifax, Experian, and TransUnion willfully failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in Plaintiff's consumer reports as contained in its files pertaining to Plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

78. As a direct and proximate result of such conduct, Plaintiff has suffered actual damages as set forth herein, and in an amount to be proven at trial.

79. Equifax, Experian, and TransUnion are liable to Plaintiff for the actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with her reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1681o.

## COUNT IV. VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT BY DEFENDANT TIDEWATER ("GFBPA"), O.C.G.A. §10-1-390, et seq.

80. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 79 of this Complaint as if specifically set forth herein.

81. Defendant Tidewater's actions in reporting and attempting to collect a debt have taken place in the conduct of consumer acts or practices.

82. Defendant Tidewater has violated the GFBPA by use of unlawful acts and practices within the meaning of O.C.G.A. § 10-1-393.

83. Defendant Tidewater has not provided notice of Plaintiff's written dispute of the alleged debt to the credit reporting agencies and is therefore in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

84. Defendant Tidewater has failed to complete an investigation of Plaintiff's written dispute and provide the results of the investigation to Plaintiff within the 30 day period as required by the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

85. Defendant Tidewater has violated the FDCPA by making false or misleading representations to Plaintiff within the meaning of 15 U.S.C. § 1692e.

86. Defendant Tidewater's actions in attempting to collect a debt have otherwise been unfair or deceptive in violation of the GFBPA.

87. More than thirty days before filing a compliant, Plaintiff sent correspondence to Tidewater describing its abusive practices and demanding that these practices stop.

88. Defendant Tidewater has therefore violated the GFBPA by failing to comply with the FCRA, FDCPA, and by engaging in other unfair or deceptive practices.

89. Defendant Tidewater acted intentionally in violating the GFBPA.

90. Plaintiff has suffered damages because of Defendant Tidewater's violations of the GFBPA in an amount to be proven at trial.

91. Plaintiff is entitled to treble damages pursuant to O.C.G.A. § 10-1-399.

92. Plaintiff is entitled to the recovery of reasonable attorney's fees pursuant to O.C.G.A. § 10-1-399.

## COUNT V. VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT BY DEFENDANTS EQUIFAX, EXPERIAN, AND TRANSUNION ("GFBPA"), O.C.G.A. §10-1-390, *et seq*.

93. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 91 of this Complaint as if specifically set forth herein.

94. Defendants' actions in reporting a debt have taken place in the conduct of consumer acts or practices.

95. Defendants have violated the GFBPA by use of unlawful acts and practices within the meaning of O.C.G.A. § 10-1-393.

96. Defendants have violated the GFBPA through willful noncompliance of the FCRA, 15 U.S.C. § 1681(i)(a)(5)(B), and by engaging in other unfair or deceptive practices..

97. More than thirty days before filing a compliant, Plaintiff sent correspondence to Defendants describing their abusive practices and demanding that these practices stop.

98. Defendants acted intentionally in violating the GFBPA.

99. Plaintiff has suffered damages because of Defendants' violations of the GFBPA in an amount to be proven at trial.

100. Plaintiff is entitled to treble damages pursuant to O.C.G.A. § 10-1-399.

101. Plaintiff is entitled to the recovery of reasonable attorney's fees pursuant to O.C.G.A. § 10-1-399.

## COUNT V. INVASION OF PRIVACY BY DEFENDANT TIDEWATER

102. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 101 of this Complaint as if specifically set forth herein.

103. Tidewater intentionally interfered, physically and otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff.

104. Tidewater intentionally caused harm to Plaintiff's emotional wellbeing by engaging in highly offensive conduct in the course of collecting a debt.

105. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusions, and or private concerns or affairs.

106. The intrusion by Tidewater occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

107. As a result of Tidewater's invasions of Plaintiff's privacy, Plaintiff suffered mental distress, wounded feelings, was unable to qualify for credit opportunities, and was forced to spend money to mitigate the harm caused by Defendant.

108. Plaintiff's injuries would not have occurred in the absence of Tidewater's unreasonable conduct and were the proximate cause of the harm suffered by Plaintiff.

109. Plaintiff has suffered damages because of Tidewater's actions in an amount to be proven at trial.

110. Tidewater is liable to Plaintiff for damages and the harm proximately caused by Tidewater's actions.

## COUNT VI. TORTIOUS DEBT COLLECTION PRACTICES BY DEFENDANT TIDEWATER

111. Plaintiff re-alleges and incorporates paragraphs 1 through 86 of this Complaint as if fully set forth herein.

112. Tidewater's actions exceeded the bounds of the reasonable and necessary actions to collect an alleged debt which a debtor is deemed to expect of her or his creditors. Blazer Fin. Serv. of Ga. v. Stewart, 141 S.E.2d 1, 2 (Ga. Ct. App. 1977).

113. As a result of Tidewater's actions, Plaintiff suffered mental distress, wounded feelings, was unable to qualify for credit opportunities, and was forced to spend money to mitigate the harm caused by Defendant.

114. Plaintiff's injuries would not have occurred in the absence of Tidewater's unreasonable conduct, which was the proximate cause of the harm suffered by Plaintiff.

115. Plaintiff has suffered damages because of Tidewater's actions in an amount to be proven at trial.

116. Tidewater is liable to Plaintiff for damages and the harm proximately caused by Tidewater's actions.

## COUNT VII. DEFAMATION BY TIDEWATER

117. Plaintiff re-alleges and incorporates paragraphs 1 through 116 of this Complaint as if fully set forth herein.

118. Tidewater maliciously defamed Plaintiff by its knowing publication to third-parties of erroneous information that Plaintiff owed money on the Account.

119. Tidewater had actual knowledge of the false and fraudulent nature of such information and published it despite having such knowledge.

120. Tidewater's actual knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure Plaintiff.

121. As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein.

122. Tidewater is liable to Plaintiff for the actual damages he has sustained by reason of such conduct.

## COUNT VIII. PUNITIVE DAMAGES

123. Plaintiff re-alleges and incorporates paragraphs 1 through 122 of this Complaint as if fully set forth herein.

124. Pursuant to O.C.G.A. § 51-12-5.1(a), Plaintiff avers and would show that the acts of the Defendants as referenced above constitute that degree of wantonness and that entire want of care which would raise the presumption of a conscious indifference to the consequences.

125. Pursuant to O.C.G.A. § 51-12-5.1(d), Plaintiff is entitled to an award of punitive damages in an amount which is adequate to punish and deter the Defendants from engaging in similar acts in the future.

## COUNT IX. ATTORNEY'S FEES

126. Plaintiff hereby re-alleges and incorporates paragraphs 1 thorough 125 of this Complaint as if specifically set forth herein.

127. Plaintiff is entitled to recover her reasonable and necessary costs and attorney's fees pursuant to O.C.G.A. § 13-6-11 on the grounds that Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

WHEREFORE, Plaintiff prays for the following relief:

(a) That this Court enter judgment in favor of Plaintiff;

(b) That Plaintiff be granted a reasonable and fair judgment against Defendants Tidewater and Charles T. Day III for willful noncompliance with the Fair Debt Collection Practices Act with statutory remedies defined by 15 U.S.C. § 1692, *et seq*.;

(c) That Plaintiff be granted a reasonable and fair judgment against Defendants Equifax, Experian, TransUnion, and Tidewater for willful

noncompliance with the Fair Credit Reporting Act with statutory remedies as defined by 15 U.S.C. § 1681n, *et seq*.;

(d) That Plaintiff be granted a reasonable and fair judgment against Defendants Equifax, Experian, TransUnion, and Tidewater for willful noncompliance with the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, *et seq*., including treble damages;

(e) That Plaintiff be granted a reasonable and fair judgment against Defendant Tidewater for invasion of privacy;

(f) That Plaintiff be granted a reasonable and fair judgment against Defendant Tidewater for tortious debt collection practices;

(g) That Plaintiff be granted a reasonable and fair judgment against Defendant Tidewater for Defamation;

(h) That Plaintiff have an award for compensatory damages in an amount to be determined at trial;

(i) That Plaintiff have an award for punitive damages against Defendants in an amount to be determined at trial;

(j) That Plaintiff have an award for her reasonable and necessary court costs, including attorney's fees; and

(k) For such other and further relief as this Court may deem equitable and just.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Respectfully submitted,

Dated: July 28, 2016

**SMITH, WELCH, WEBB & WHITE, LLC**
By: **s/Orion G. Webb**
Orion G. Webb, Esq.
Georgia State Bar No. 479611

Joseph McClelland
Georgia State Bar No. 483407
MCCLELLAND LAW
Attorneys for Plaintiff

280 Country Club Drive, Suite 300
Stockbridge, Georgia 30281
Telephone: (770) 389-4864
Fax: (770) 389-5193
owebb@smithwelchlaw.com

Post Office Box 100
Jackson, Georgia 30233
Telephone: (770) 775-0938
Fax: (770) 775-0932
joseph@jacksonlaws.com

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Plaintiff's counsel hereby certifies that this pleading has been prepared with one of the font and point selections approved by the Court in L.R. 5.1.

**SMITH, WELCH, WEBB & WHITE, LLC**

**/s/ Orion G. Webb**
ORION G. WEBB
Georgia State Bar No. 479611
JOSEPH MCCLELLAND
Georgia State Bar No. 483407